[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR PRE-JUDMENT REMEDY
Plaintiff, a former school teacher and department head at a Winsted Public School seeks a pre-judgment remedy in an action for defamation based on defendant's e-mail response to an e-mail invitation from a faculty colleague to a farewell reception been tendered plaintiff. The defendant, also a faculty member as well as president of the teacher's union, responded to the invitation by criticizing the colleague's use of e-mail for social purposes as well as the honoring of plaintiff, the response containing the following alleged defamatory language:
This woman, Aggie, through her underhanded, unethical and unprofessional actions, left the Administration, the English Department and the students in a very bad position. This woman knew that she was not returning to The Gilbert School in September. She was seen by several people removing items from room 310 late in the afternoon when there were few people around. When school began, she chose to call in CT Page 8854 "sick" for several days, leaving the Administration in the dark regarding her plans. She even received and kept a paycheck for the first two weeks of the new school year, even though she did not do anything to earn it. For this kind of unprofessional behavior, you expect faculty and staff to "honor and reward" her with a party and a gift?
Plaintiff claims to have been emotionally damaged and embarrassed when the e-mail response was sent to the rest of the faculty although she has not sustained any special damage.
The testimony at the June 26, 2002 hearing tended to show that Plaintiff had applied for a position in Rhode Island in July, 2000, missed the opening days of the Winsted School on September 14, 15 and 18 when she called in sick from Rhode Island where she had already accepted the new position. There was evidence that she had previously removed her personal possessions from her schoolroom without notifying authorities that she was leaving and was paid by the Winsted school system for the first two weeks of the school year starting September 14, although she did not commence teaching at all. She returned from Rhode Island on subsequent weekends to complete her moving, at which time she heard about the contents of defendant's e-mail.
 I.
Our Supreme Court has held a public school teacher to be a "public official" for defamation purposes. Kelley v. Bonney, 221 Conn. 549, 581
(1992). At least one Superior Court decision had held a public school teacher to be a public figure for purpose of setting the standard of proof and degree of fault which a plaintiff must prove in a defamation action. Izzo v. Deafenbaugh et al, 1998 WL 689975 (Conn.Super. Sept. 23, 1998) (Blue, J.); that decision, relying on New York Times Co. v.Sullivan, 376 U.S. 254 (1964), held that in a defamation case where the plaintiff is a public official he cannot recover unless he proves by clear and convincing evidence that the defendant published the defamatory statement with malice, i.e. with "knowledge that it was false or with reckless disregard of whether it was false or not."
In the present case, although the language used by defendant was pejorative, it is unlikely that plaintiff will be able to prove by clear and convincing evidence that the alleged defamatory statements were false or that defendant had knowledge that they were false or that he acted with reckless disregard whether they were false or not. Plaintiff has not alleged malice in her defamation count and although she has alleged recklessness on the part of defendant in her second and third counts sounding in infliction of emotional damages, she has not pursued these CT Page 8855 counts.
Application for pre-judgment remedy is denied.
 ___________________ Wagner, JTR